Filed 11/20/14  In re T.R. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re T.R., a Person Coming Under the Juvenile Court Law. | B255471 (Los Angeles County Super. Ct. No. KJ38100) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>T.R.,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Geanene Yriate, Judge.  Affirmed.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The juvenile court sustained a petition alleging that appellant T.R. committed second degree robbery in violation of Penal Code section 211. The court found that appellant was a person described by Welfare and Institutions Code section 602, adjudged appellant to be a ward of the court, and placed appellant on home probation.

Appellant appeals from the orders sustaining the petition and adjudging him to be a ward of the court. Finding no error, we affirm the juvenile court's orders.

Facts

On April 9, 2013, about 10:00 p.m., Shah Aram was working as a cashier at a 7-Eleven store in Covina. The store was busy. Appellant entered, and moved around within the store. After all the customers had left the store, appellant came to the counter area where the cash register was located, then went behind the counter. When Aram tried to stop appellant from coming into this area, appellant raised his skateboard up in the air. Aram reached out and tried to block appellant's arms, but appellant kept coming. Aram was able to slide by appellant, and move to the front door.

Appellant moved around to the area behind the counter, touched the cash register, took some packages of Marlboro Red cigarettes from the area behind the counter, and then ran out of the store. Aram activated the store's alarm.

Covina Police Department Officer Stacy Franco responded to the 7-Eleven store and interviewed Aram. Soon thereafter, Officer Franco found appellant in the parking lot of a nearby K-Mart store. He had a package of Marlboro Red cigarettes in his shirt pocket.

Several days later, Officer Franco returned to the store and viewed store surveillance video of the robbery. She attempted to download the video, but was not able to do so. Officer Franco took still photographs of some parts of the video. The video

was on a loop and was subsequently erased. The photographs were entered into evidence at the adjudication of this matter.

Appellant testified in his own defense and explained that he went to the store to buy a cigar, became frustrated when the cashier said the store did not have the cigars, and went behind the counter intending to get it himself. The cashier became upset. Appellant believed the cashier was going to hit him, and so appellant raised his skateboard to protect himself. Appellant decided to "let it go," grabbed some cigarettes and left some money on the counter which he believed would cover the cost of the cigarettes.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.[1]

On September 10, 2014, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. To date, we have not received a supplemental brief from appellant.

---

[1]     On October 6, 2014, appellant's counsel filed a petition for writ of habeas corpus. The petition claimed trial counsel was constitutionally ineffective in failing to file a motion pursuant to *Arizona v. Youngblood* (1988) 488 U.S. 51, in response to law enforcement's failure to preserve the surveillance video of the incident. On October 16, 2014, this Court denied the petition.

We have examined the entire record and are satisfied appellant's attorney has fully complied with her responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

Disposition

The court's orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.[*]

We concur:

TURNER, P.J.

KRIEGLER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.